HENRY HEAD *et al.*

*v.*

JULIA B. THURBER.

*Filed at Springfield November 2, 1892.*

1. EQUITABLE TITLE—*based on deed not under seal—execution of deed must be proven.* A bill alleged that a husband, residing in Kansas, executed a deed to S. for land in this State, intending thereby to convey the land to S., who on the same day made a like deed to complainant, intending to convey the land to her, but that such deeds did not pass the legal title for the want of seals thereto, whereby complainant became the equitable owner, and asking for a decree to compel the heirs of her husband to convey to her. The deed from S. to the complainant was not introduced in evidence, and its existence was not admitted by the answer of the heirs: *Held,* that for the failure to offer such deed in evidence a decree granting the relief could not stand, and it was for that reason reversed.

2. Where the complainant seeks to enforce an equitable title to land in this State, based upon a deed executed in the State of Kansas, but not under seal, and the execution of such deed is not admitted by the answer, it must be proved, to entitle such party to the relief sought, and a decree without such proof must be reversed.

APPEAL from the Circuit Court of Adams county; the Hon. OSCAR P. BONNEY, Judge, presiding.

Mr. J. F. CARROTT, for the appellants.

Mr. JOHN H. WILLIAMS, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill in chancery filed on August 14, 1890, in the Circuit Court of Adams County by Julia B. Thurber against George H. Saunders, Harry G. Norton, Fanny Maria Head and Henry Head, her husband, alleging, that, on December 16, 1885, complainant was the wife of one Harrison Norton, and resided with him in Kansas; that, on that day, said Harrison Norton, being seized of certain real estate in Adams County, Illinois, executed a certain paper writing, by the terms of which it was witnessed that the said Norton conveyed said real estate, "in consideration of the sum of one dollar and other valuable considerations," to the said George H. Saunders; that the said Norton intended thereby to convey said real estate to said Saunders; that the said instrument was acknowledged by said Norton in Kansas, and was delivered to said Saunders; that said Saunders thereupon, upon the same day, executed, acknowledged and delivered to the complainant, (then Julia B. Norton), an instrument in writing, by the terms of which it was witnessed that said Saunders, "in consideration of the sum of one dollar and other valuable considerations and $\frac{00}{100}$ dollars," quitclaimed the said real estate to said complainant; that said last named instrument was also acknowledged in Kansas, and was intended to convey said real estate to said complainant; that, by the laws of Kansas, said deeds were sufficient to pass title, and the title was supposed by all parties to have passed from said Norton to said Saunders, and from said Saunders to the complainant; that complainant at once took possession of said premises, and

has been in the possession thereof, and paid all the taxes thereon, ever since; that she has recently learned that said instruments did not pass the legal title under the laws of Illinois, by reason of the fact that they were not under seal, and that she was only the owner of the equitable title to said real estate; that she is the equitable owner of said real estate by force of said instruments and entitled by virtue thereof to have the legal title thereto conveyed to and vested in her; that said Harrison died on or about February 6, 1887, leaving him surviving, as his only heirs at law, his son, the said Harry G. Norton, and his daughter, the said Fanny Maria Head; that the legal title to said real estate is vested in said Harry and Fanny, subject to complainant's equitable title. The bill does not waive the answers of the defendants under oath. Its prayer is, that the defendants may be ordered to convey the legal title to the complainant by good and sufficient deeds. The bill was taken for confessed against Saunders and Harry G. Norton. The answer under oath of Mrs. Head and her husband does not admit the execution of said instruments, but claims, that, if they were executed, they had no seals, and were for that reason void and of no effect as conveyances under the laws of Illinois, and did not have the effect of passing either the legal or equitable title, and that the children of Harrison Norton are the owners of the legal title, not subject to any equitable title in complainant, but subject only to her dower. The answer avers, that said instruments, if ever executed, were purely voluntary and without any valuable consideration; that complainant is not entitled to the relief asked for in a court of equity; that the premises are worth $1700; that complainant has been guilty of delay in bringing her suit; that said Harrison Norton, at the time of executing the paper purporting to convey the real estate to Saunders, if he ever signed the same, was mentally enfeebled, and of unsound mind, and not possessed of sufficient mental capacity to make a valid deed; that said Harry Norton and Fanny Maria Head

are the children of said Harrison Norton by a former wife and not by complainant. The decree of the Circuit Court was in favor of the complainant and directed that the defendants should execute a conveyance to the complainant within ten days, and, in default thereof, that the Master make the same.

Counsel discuss the questions, whether Harrison Norton was capable of executing a valid deed; whether the instruments in question, being conveyances which were not under seal, passed the equitable title; whether they were voluntary and without consideration; and, if so, whether equity will order a specific performance of them. But we do not think, that the record is in such a condition as to justify us in passing upon any of these questions.

It does not appear, that the paper, purporting to be a deed and to have been executed by Saunders to the complainant, was introduced in evidence. Although the bill avers that such a paper was executed, the answer does not admit its execution. If the paper executed by Harrison Norton to Saunders conveyed such an equitable title as equity will convert into a legal title through a decree for a conveyance, the proof in this record shows that such equitable title is in the defendant, Saunders. Saunders is not asking for relief. If an equitable title passed to him, the complainant is not in a position to claim any relief, unless she connects herself with such equitable title by showing that it passed from Saunders to herself. This she has not done, because she has introduced no proof that Saunders conveyed or attempted to convey to her any interest whatever. The default against Saunders does not help the matter. Though it may be said, that Saunders thereby confesses the equitable title to be in complainant, such confession by him can have no effect as against Mrs. Head and her husband, who deny that the complainant was vested with any equitable title.

The failure of the complainant's proof in the respect thus indicated is a point, which is made by the assignments of

28—142 ILL.

error, and is brought to our attention by counsel for the appellants in his brief. It is, therefore, our duty to pass upon it.

The decree of the Circuit Court is accordingly reversed, and the cause is remanded to that Court.

*Judgment reversed.*